IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | |
| ANTWANNE WHITE | NO. 10-420-3 |

**MEMORANDUM OPINION**

For a second time, Antwanne White, proceeding *pro se*, moves for compassionate release pursuant to the First Step Act, 18 U.S.C. §§ 3582(c)(1)(A)(i), (c)(2). For the reasons set forth below, his Motion will be denied.

### I. FACTUAL BACKGROUND

White is currently serving a 240-month sentence at FCI McKean after pleading guilty to robbery of a postal employee, in violation of 18 U.S.C. § 2114; using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); attempted robbery interfering with interstate commerce, in violation of 18 U.S.C. § 1951(a); and robbery interfering with interstate commerce, in violation of 18 U.S.C. § 1951(a). Those convictions flowed from a series of 2010 robberies, in which White robbed a postal employee, attempted to rob a convenience store in Coatesville, Pennsylvania, and successfully robbed a convenience store in Limerick, Pennsylvania.

In the years since his conviction, White has filed two habeas petitions pursuant to 28 U.S.C. § 2255, a motion under Federal Rule of Civil Procedure 60(d)(1), and his First Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), all of which have been denied. If his sentence is not reduced, White will remain incarcerated until January 28, 2029.

## II. LEGAL STANDARDS

The compassionate release statute permits a court to modify an imposed term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," only "if it finds that [] extraordinary and compelling reasons warrant such a reduction," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). So "a motion for compassionate release raises three questions: (1) whether there are 'extraordinary and compelling reasons' for modifying an imposed term of imprisonment; (2) whether a new sentence would be consistent with the factors set forth in 18 U.S.C. § 3553(a); and, (3) whether a new sentence would be consistent with any applicable policy statements." *United States v. Carter*, 711 F. Supp.3d 428, 434-35 (E.D. Pa. 2024) (citing *United States v. Pawlowksi*, 967 F.3d 327, 329 (3d Cir. 2020)), *aff'd*, 2024 WL 5339852 (3d Cir. Dec. 2, 2024).

Congress delegated to the Sentencing Commission the power to promulgate "general policy statements regarding the sentencing modification provisions in" 18 U.S.C. § 3582(c)(1)(A), which "shall describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). Generally, the Commission's policy statements are binding on courts. *Cf. United States v. Rutherford*, 120 F.4th 360, 375 (3d Cir. 2024) (citing *United States v. Berberena*, 694 F.3d 514, 522 (3d Cir. 2012)).

## III. DISCUSSION

White cites two policy statements in his Motion, Sections 1B1.13(b)(5) and (b)(6). Section 1B1.13(b)(6) states:

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered

>in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Section 1B1.13(b)(5), for its part, provides that extraordinary and compelling reasons exist, thereby justifying compassionate release, when:

>The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b)(5).

Although White cites the two policy statements mentioned above, his Motion only argues that certain changes in law justify compassionate release. That argument can only be considered under the second subsection that White cites, Section 1B1.13(b)(6). *See* U.S.S.G. § 1B1.13(c) ("Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists . . . ."). Thus, the only question is whether White's argument under Section 1B1.13(b)(6) constitutes extraordinary and compelling reasons warranting his release.

White first cites to *Alleyne v. United States*, 570 U.S. 99 (2013), which held that a fact increasing a defendant's statutory minimum sentence must be charged in the indictment and proven to a jury. *Id.* at 102. That fact here is that White's case brandished his weapon in committing one of the underlying robberies, which increased the statutory minimum on that charge from five to seven years. But *Alleyne* was handed down after White's guilty plea and sentencing, and *Alleyne*'s holding cannot be applied retroactively in the habeas context. *United*

*States v. Reyes*, 255 F.3d 210, 212-13 (3d Cir. 2014).  "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *United States v. Henderson*, 858 F. App'x 466, 469 & n.2 (3d Cir. 2021); *United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (claim that the sentence exceeded the statutory maximum, not cognizable in a compassionate release motion); *United States v. McCall*, 56 F.4th 1048, 1058 (6th Cir. 2022) (*en banc*) ("we do not read 'extraordinary and compelling' to provide an end run around habeas."); *cf. Rutherford*, 120 F.4th at 370-71 (holding that an amendment to 18 U.S.C. § 924(c)'s mandatory minimum, which Congress explicitly reserved to be nonretroactive, cannot be retroactively applied upon a motion for compassionate release).

  White also cites several amendments to the Sentencing Guidelines as changes in law that, he argues, constitute extraordinary and compelling reasons to justify compassionate release.  None of them do so.  According to the Sentencing Guidelines, three of the amendments that White cites do not apply retroactively: Amendment 820 (which changed eligibility for a three-point reduction for acceptance of responsibility), Amendment 828 (which changed the enhancement for an obliterated serial number on a firearm), and 829 (which changed the availability of a departure for a youthful offense).  Section 1B1.13(b)(6) straightforwardly excludes from consideration any "amendment to the Guidelines Manual that has not been made retroactive." U.S.S.G. § 1B1.13(b)(6).  So, because those Amendments do not apply retroactively, White cannot rely on them to establish an extraordinary and compelling reason under Section 1B1.13(b)(6), by its own terms.

  One amendment that White cites does apply retroactively.  That amendment, Amendment 821, altered the application of "status points" in the criminal history calculation for offenders

who committed the instant offense while subject to another criminal sentence.  If the Amendment were applied to White's case now, his sentencing range (including his mandatory minimum for his consecutive § 924(c) term of 84 months), would total 252 to 294 months.  However, White was sentenced to 240 months in accord with a plea agreement reached by the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a term that falls below the amended guideline range that White argues must apply now.  The guideline which addresses resentencing based on retroactive guideline amendment, § 1B1.10 directs that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).  Because White's sentence is already shorter than the guideline range which would apply if he was sentenced today in accordance with Amendment 821, his sentence may not be further reduced by virtue of that Amendment.

An appropriate order follows.

BY THE COURT:

S/ WENDY BEETLESTONE

_____
**WENDY BEETLESTONE, J.**